John J. Janis [ISB No. 3599]
Kurt Holzer [ISB No. 4557]
HEPWORTH HOLZER, LLP
537 W. Bannock Street
P.O. Box 2582
Boise, Idaho 83701-2582
Telephone: (208) 343-7510
Fax No. (208) 342-2927
jjanis@HepworthHolzer.com
kholzer@HepworthHolzer.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF IDAHO

NORTHERN DIVISION

| BRETTA SCHMIDT,<br><br>Plaintiff,<br><br>v.<br><br>DALE L. RUSSELL,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

## PARTIES AND JURISDICTION

1. Plaintiff Bretta Schmidt at all times relevant herein was a resident of Bonner County, Idaho and a citizen domiciled in the State of Idaho.

2. The Defendant Dale L. Russell was, on information and belief, a resident of Spokane County Washington and a citizen domiciled in the State of Washington.

3. Defendant Russell is a licensed attorney in the State of Idaho.

4. All acts of Defendant Russel about which Plaintiff complains were performed while an attorney-client relationship existed between Russell and Plaintiff.

5. All such acts by the defendant were done within the scope and course of his representation of the Plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds the sum of $100,000 exclusive of interest and costs and the parties are citizens of different states.

7. Venue is proper in the Northern Division of the District of Idaho pursuant to 28 U.S.C. § 1391(a) and Dist. Id. Local Rule Civ 3.1 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the area of the Northern Division of the District of Idaho. Defendant also conducts business as a licensed attorney in the District of Idaho.

## ALLEGATIONS

8. At times relevant herein the Plaintiff had a substantial ownership equity interest in certain real property located in the County of Pend Oreille, Washington. The property became the subject of a foreclosure sale, and if the foreclosure sale went through the Plaintiff was at risk for losing several hundreds of thousands of dollars of value.

9. Plaintiff and her family had long had ownership and possession of the property and in addition to its economic value the property had great emotional value to Plaintiff.

10. Plaintiff engaged Defendant for the purpose of protecting her ownership interests in the subject real property and to take whatever legal steps would accomplish that purpose.

11. The Plaintiff tried to obtain refinancing on the loan on the property in advance of the deadline set for the foreclosure of April 10, 2020.

12. As the foreclosure deadline approached, it became clear that although refinancing was obtainable the refinancing transaction could not be completed before the date of the foreclosure sale.

13. The Plaintiff consulted with the Defendant about her legal options at that point to avoid losing her substantial ownership interests in the subject real property.  Defendant advised the Plaintiff to file bankruptcy to take advantage of the automatic stay provisions of bankruptcy law which would immediately stop the foreclosure sale from going forward on April 10, 2020.

14.  On April 8, 2020, Plaintiff retained the Defendant to file a bankruptcy petition on her behalf and specifically to do so before the time of the foreclosure sale.

15. Plaintiff paid the necessary retainer fee to have the bankruptcy filed and the foreclosure sale stayed.

16. Defendant was aware that filing the Petition in Bankruptcy in time to prevent the foreclosure sale from going forward was of the utmost importance to the Plaintiff.

17.  The Plaintiff fulfilled her duties required prior to the bankruptcy filing with sufficient time to allow the filing to be accomplished.

18. Defendant failed to file the petition for bankruptcy on Plaintiff's behalf.

19. Defendant's failure was a negligent and/or reckless breach of his duties as counsel for Plaintiff.

20. As a direct and proximate result of the defendant's wrongful conduct referenced above the foreclosure sale did occur and the Plaintiff lost the entirety of her ownership interests in the subject real property.

21. Because of Defendant's failure to perform Plaintiff demanded a refund of the retainer paid.

22. Defendant refused to refund the full retainer.

23. If not for the Defendant's wrongful conduct the Plaintiff would not have lost her ownership interests in the subject real estate.

24. As a direct and proximate result of the Defendant's breach of professional duties he owed to his client, the Plaintiff suffered serious economic harm in the lost value of the subject real estate in amounts to be proven at the time and place of trial.

25. Plaintiff has also incurred ongoing emotional distress damages caused by a negligent infliction of emotional distress as well as other general damages and noneconomic harms and losses by causing the plaintiff's loss of the property that meant so much to her and her family.

26. The economic, general and noneconomic damages proximately caused by and a result of the negligence of Defendant, are all in amounts to be proven at the time and place of trial.

## REQUEST FOR ATTORNEY'S FEES

As a further and proximate result of the wrongful conduct of the Defendant, the Plaintiff has been required to retain counsel for the purposes of prosecuting this action and should be entitled to recover all reasonable costs and attorney's fees incurred in prosecution of this action pursuant to Idaho law including but not limited to Idaho Code section 12-120.

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues

## PRAYER

The Plaintiff respectfully prays for judgment against Defendant as follows:

(1)  For all economic and non-economic damages sustained as a direct and proximate result of the wrongful conduct of the Defendant all in amounts to be proven at the time and place of trial in this action;

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

(2) For all costs and attorney's fees incurred in prosecution of this action, pursuant to Idaho law; and

(3) For such other and further relief as the Court deems just and equitable.

Dated: May 1, 2020.

                                             HEPWORTH HOLZER, LLP

                                             By /s/ John J. Janis
                                             John J. Janis
                                             Attorneys for Plaintiff